IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>HELENA CHRISTINE WILLIAMS-MURPHY,<br><br>                  Debtor,<br><br><br>US BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF OWS REMIC TRUST 2015-1<br>                  Movant,<br>  v.<br><br>HELENA CHRISTINE WILLIAMS-MURPHY and<br>CHARLES J DEHART, III, Ch. 13 Trustee,<br><br>                  Respondents | Bankruptcy 5:15-bk-05285-JTT<br><br>Chapter 13<br><br>Related to Doc. Nos. |

STIPULATION RESOLVING
MOTION FOR RELIEF FROM STAY

      AND NOW, comes Movant, US Bank, National Association, not in its individual capacity but solely as Trustee on behalf of OWS Remic Trust 2015-1 ("US Bank") by and through its undersigned counsel, Bernstein-Burkley, P.C., and, Debtor, Helena Christine Williams-Murphy ("Debtor"), by and through her undersigned counsel, Patrick Best, Esq. and together file this Stipulation Resolving Motion for Relief from Stay (the "Stipulation"), stating as follows:

      1.      The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

      2.      Movant has an interest in Debtor's property more fully described as that certain real property located at 144 Hunter Lane, Albrightsville, PA 18210 (hereinafter the "Property").

      3.      Based upon the Debtor's Confirmed Chapter 13 First Amended Plan (Docket No. 22), the Property is being treated outside the Plan and Secured Creditor is to receive payments directly.

      4.      Debtor is in default and has remained in default since August 1, 2017.

5. The Debtor will cure the post-petition arrears by making a lump sum payment in the total amount of $4,000.00 (Four Thousand Dollars) within five (5) business days of the Court entering an Order approving this Stipulation.

6. Debtor further agrees to pay the remainder balance of $861.14 (Eight Hundred and Sixty One Dollars and Fourteen Cents) in monthly installments of $287.04, plus attorney fees and costs in the amount of $556.00, due over a period of three months, payable on the first of each month commencing February 28, 2018 until paid in full.

7. Debtor agrees to continue making regular payments of taxes and insurance for the Property.

8. If Debtor defaults in any further payments, Movant may send Debtor and counsel a written notice of default of this Stipulation. Movant may send the written notice by fax or e-mail, instead of or in addition to regular mail. If the default is not cured within fourteen (14) days of the date of the notice, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the Property without further hearing. If Debtor sends a payment that is returned for insufficient funds, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the Property without further hearing. If the default is not cured by payment within fourteen (14) days of the date of mailing of the Notice of Default, Movant shall have the right to have an Order terminating the automatic stay entered.

9. If Debtor has defaulted on the Stipulation in two separate months then, if Debtor defaults a third time, Movant may file a Certification of Default without having to first send Debtor notice of the Default.

10. In the event the instant bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code, the Debtor shall cure the post-petition arrears within ten (10) days from the date of such conversion. Should Debtor fail to cure said arrears within the ten day period, such failure shall be deemed a default under the terms of this Stipulation and Movant may send Debtors and counsel a written notice of default. If the default is not cured within ten (10) days from the date of the notice, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the

automatic stay as to the Property.

11. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

Agreed to by:

| | |
|---|---|
| By:/s/ Lara Shipkovitz Martin | By: /s/ Patrick Best |
| Lara Shipkovitz Martin, Esq. | Patrick Best, Esq. |
| PA I.D.: 307272 | PA I.D.: 309732 |
| 707 Grant Street, Suite 2200, Gulf Tower | 202 Delaware Avenue |
| Pittsburgh, PA 15219 | Palmerton, PA 18071 |
| Phone: (412) 456-8102 | Phone: 484-765-8140 |
| Fax:   (412) 456-8135 | Fax : 484-544-9624 |
| lmartin@bernsteinlaw.com | patrick@armlawyers.com |
| | |
| Counsel for Movant | Counsel for the Debtor |

Dated: February 22, 2018